| | |
|---|---|
| 1 | SEYFARTH SHAW LLP |
| 2 | Elizabeth Levy (SBN 268926)<br>elevy@seyfarth.com |
| 3 | Heather E. Horn (SBN 318242)<br>hhorn@seyfarth.com |
| 4 | 2029 Century Park East, Suite 3500<br>Los Angeles, California 90067-3021 |
| 5 | Telephone:  (310) 277-7200<br>Facsimile:   (310) 201-5219 |
| 6 | Attorneys for Defendants |
| 7 | JADE RANGE, LLC, and MIDDLEBY MARSHALL, INC. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARITO TORRES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JADE RANGE, LLC, dba MIDDLEBY CORPORATION; MIDDLEBY MARSHALL, INC; an entity of unknown form, doing business in California; CARLA JOHNSON, an individual; EDGAR DOES, an individual; ROGELIO DOE, an individual; and DOES 1 to 25, inclusive,<br><br>　　　　Defendants. | Case No. 2:22-cv-5766<br><br>**DEFENDANTS JADE RANGE, LLC, AND MIDDLEBY MARSHALL, INC. NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C §§ 1332 AND 1441**<br><br>(Los Angeles County Superior Court Case No. 22STCV06879)<br><br>Complaint filed:  February 24, 2022 |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants JADE RANGE, LLC, and MIDDLEBY MARSHALL, INC. ("Defendants") hereby file this Notice of Removal pursuant to 28 U.S.C. Sections 1332 and 1441(a) and (b), based on diversity of citizenship jurisdiction, in order to effectuate the removal of the above-captioned action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California and states that removal is proper for the following reasons:

**I.      BACKGROUND**

1.      On **February 24, 2022,** Plaintiff MARGARITO TORRES ("Plaintiff") filed a complaint in the Superior Court of the State of California, County of Los Angeles, entitled "*MARGARITO TORRES, Plaintiff, v. JADE RANGE, LLC, dba MIDDLEBY CORPORATION; MIDDLEBY MARSHALL, INC.; CARLA JOHNSON; EDGAR DOES; ROGELIO DOE; and DOES 1 to 25, inclusive, Defendants*," designated as Case No. 22STCV06879 (the "State Court Action").  The Complaint alleges ten causes of action: (1) Disability Discrimination in Violation of the Fair Employment and Housing Act; (2) Failure to Provide Reasonable Accommodations in Violation of the Fair Employment and Housing Act (physical disability/medical condition related to injury to his shoulder); (3) Failure to Provide Reasonable Accommodations in Violation of the Fair Employment and Housing Act (physical disability/medical condition related to wearing a face masks); (4) Failure to Engage in the Interactive Process in Violation of the Fair Employment and Housing Act; (5) Failure to Prevent Discrimination and Retaliation in Violation of the Fair Employment and Housing Act; (6) Retaliation for Engaging in Protected Activity in Violation of the Fair Employment and Housing Act; (7)Wrongful Termination in Violation of Public Policy; (8) Whistleblower Retaliation in Violation of Section 1102.5

1  (9)Intentional Infliction of Emotional Distress; and (10) Violations of Business and
2  Professions Code 17200.
3     2.    On **April 29, 2022**, Defendants were served with the Summons, Complaint,
4  Civil Cover Sheet, Notice of Case Management Conference and ADR Information
5  Package.  Defendants have attached a true and correct copy of these documents as
6  **Exhibit A** to the concurrently filed Declaration of Heather E. Horn ("Horn Decl.") for the
7  Court's review.
8     3.    On **May 31, 2022**, Defendants Jade Range, LLC and Middleby Marshall,
9  Inc. filed their Answer to Plaintiff's unverified Complaint in Superior Court of the State
10 of California, County of Los Angeles.  Defendants have attached a true and correct copy
11 of Defendants' Answer as **Exhibit B** to the concurrently filed Declaration of Heather E.
12 Horn ("Horn Decl.") for the Court's review.
13    4.    On July 11, 2022, the parties filed a 1) Joint Stipulation To Strike Certain
14 Language in Plaintiff's Complaint and 2) Joint stipulation and Proposed Order for
15 Dismissal of Individual Defendants Carla Johnson, Edgar Doe, and Rogelio Doe.[1]  A true
16 and correct copy of these Stipulations are attached to the Horn Decl. as **Exhibits C and**
17 **D.**
18    5.    On **July 20, 2022**, the Los Angeles Superior Court signed the Order to
19 Strike Certain Language in Plaintiff's Complaint. A true and correct copy of the Order is
20 attached to the Horn Decl. in support of this Notice of Removal as **Exhibit E**.
21    6.    On **July 20, 2022**, the Los Angeles Superior Court also issued an order
22 dismissing the Individual Defendants Carla Johnson, Edgar Doe, and Rogelio Doe
23 without prejudice.  A true and correct copy of the Order dismissing the individual
24 defendants is attached to the Horn Decl. in support of this Notice of Removal as **Exhibit**
25 **F.**
26
27
28 [1] Individual Defendants Carla Laurell (incorrectly named Carla Johnson). Edgar Burgos (incorrectly named Edgar Doe), and Rogelio Doe (Deceased).

7. As discussed in greater detail below, jurisdiction based on diversity of citizenship is proper because Defendants are not citizens of California and the amount in controversy exceeds $75,000.00.

## II. TIMELINESS OF REMOVAL

8. "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings." *Harris v. Bankers Life & Cas. Co.* (9th Cir. 2005) 425 F3d 689, 693. "[I]f the plaintiff voluntarily dismisses the diversity-destroying defendant, a defendant may then be able to remove the case." *Knudson v. Systems Painters, Inc.,* 634 F3d 968, 975 (8th Cir. 2011).

9. This Notice of Removal is timely because it is being filed within thirty (30) days of Order to dismiss Defendants Carla Johnson, Edgar Doe, Rogelio Doe and within one (1) year of the commencement of this action.

## III. PROCEEDINGS IN STATE COURT

10. Attached as Exhibits A-F the Declaration of Heather E. Horn are all of the pleadings in the Superior Court's record that have been served on Defendants, filed by Defendants or Plaintiff, or retrieved from the Court's records prior to the filing of this Notice of Removal. (Horn Decl., ¶ 8.)

## IV. JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

11. The Court has original jurisdiction of this action under 28 U.S.C. § 1332(a)(1). As set forth below, this action is removable pursuant to the provisions of 28 U.S.C. § 1441(a) as the amount in controversy is in excess of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

### A. Plaintiff is a Citizen of California

12. Plaintiff is, and at all times since the commencement of this action has been, a resident and citizen of the State of California.

13. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

14. Throughout his employment, Plaintiff provided his employer, Jade Range, LLC, with a California address. (Johnson Decl. at ¶ 5.)

15. Accordingly, Plaintiff is a citizen of the State of California.

### B. Defendants Are Not Citizens of California

16. Defendants are, and were at the time of the filing of this action, a citizen of a state other than California within the meaning of 28 U.S.C. § 1332(c)(1).

17. <u>Defendant Jade Range, LLC's Citizenship</u>. Jade Range, LLC is a limited liability company. (Johnson Decl. ¶ 4). Therefore, Jade Range, LLC's citizenship is the state where any member of the limited liability company is a citizen. *See Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006).

18. Currently, and since the filing of the Complaint, Jade Range, LLC has only had one member: Middleby Marshall Inc. Defendant Middleby Marshall Inc. is 100% owned by Middleby Corporation. (Johnson Decl. ¶ 4). As explained below, Middleby Marshall Inc., is a citizen of Delaware and Illinois.

19. For diversity purposes, the citizenship of a corporation is "every state and foreign state by which it has been incorporated and of the state or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). The "principal place of business" means the corporate headquarters where a corporation's high level officers

direct, control and coordinate its activities on a day-to-day basis, also known as the corporation's "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-93 (2010) (rejecting all prior tests in favor of "nerve center" test).

20. Here, Middleby Marshall Inc., is and has been incorporated under the laws of the State of Delaware, with its principal place of business in Elgin, Illinois. (Johnson Decl. ¶ 4). From its headquarters in Elgin, Illinois, Middleby Marshall Inc. conducts executive operations, including but not limited to, those relating to firm-wide policies and procedures, human resources, legal affairs, and general operations of its logistics and distribution business. *Id.* Many of Middleby Marshall Inc.'s high-level executives, including the President and General Counsel, maintain their offices in Elgin, Illinois. *Id.*

21. Thus, Middleby Marshall Inc. (Jade Range, LLC) is <u>not</u> now, and was <u>not</u> at the time of the filing of the Complaint, a citizen of the state of California.

### 1.     **Dismissed Defendants Cannot Defeat Diversity**

22. If diversity of citizenship is lacking at the time the state action was filed, but within one year, plaintiff voluntarily dismisses or amends the complaint to abandon the action against the non-diverse defendant, the remaining diverse defendants are entitled to remove. *Chohlis v. Cessna Aircraft Co*. 760 F2d 901, 903, fn. 2 (8th Cir. 1985); *Higgins v. Pittsburgh-Des Moines Co*. 635 F.Supp. 1182, 1184 (SD TX 1986). For removal to be possible, there must be a definite or unequivocal expression of intent to discontinue the action against the non-diverse defendant. This could be a written settlement agreement, a formal stipulation of dismissal, etc. *Delatte v. Zurich Ins. Co.* 683 F.Supp. 1062, 1063 (MD LA 1988)—statement of "no hope of recovery" insufficient; *Naef v. Masonite Corp.* 923 F.Supp. 1504, 1510, 1511 (SD AL 1996)—statement that defendants "not essential to liability issue" insufficient; *Heniford v. American Motors Sales Corp.* 471 F.Supp. 328, 344 (D SC 1979)—dropping non-diverse defendant during argument to jury triggered right to remove.

Here, Plaintiff agreed to voluntarily dismiss the individual defendants (who were California citizens), and this agreement was memorialized through a filed Joint

1  Stipulation to Dismiss and subsequent order of dismissal by the Los Angeles Superior
2  Court.  This dismissal created complete diversity with the remaining corporate
3  Defendants. Therefore, the citizenship of the dismissed individual defendants should be
4  disregarded as the remaining parties (Plaintiff Torres and Defendants Jade Range and
5  Middleby Marshall) now have complete diversity.

## 2. Doe Defendants may be Disregarded

23. Pursuant to 28 U.S.C. § 1441(b), "the citizenship of defendants sued under fictitious names shall be disregarded" for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332. *See also Fristoe v. Reynolds Metals, Co.*, 615 F. 2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants, 1-50, does not deprive this Court of jurisdiction.

## C. Amount in Controversy

24. While Defendants deny any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403-404 (9th Cir. 1996) ("the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount.") (internal citation omitted).  As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition).  In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees may be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *see also Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972).

25. Here, considered together, the general and special damages sought by Plaintiff, along with the attorneys' fees and punitive damages that might be awarded if Plaintiff prevails, establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

26. ***Compensatory Damages For Plaintiff's Alleged Lost Income Establish The Amount In Controversy.*** Plaintiff alleges he "has sustained and continues to sustain substantial losses, including, but not limited to, losses in earnings and other employment benefits, the intangible loss of employment-related opportunities for growth in Plaintiff's field, and damage to Plaintiff's professional reputation, all in amounts subject to proof at the time of trial." (Horn Decl., **Exhibit A,** Complaint ¶¶ 51,76,125,139.)

27. Plaintiff's employment with Jade Range, LLC ended in or around June 18, 2020, at which time he earned approximately $16.00 per hour as a full-time employee with health benefits (Johnson Decl. at ¶ 6.)

28. Assuming this matter goes to trial two years from its removal, and Plaintiff remains unemployed, Plaintiff's alleged lost income and health benefits could surpass the jurisdictional threshold of $75,000.00.[2] *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416-17 (9th Cir. 2018) (alleged lost future wages should be considered when determining the amount in controversy because alleged lost future wages are "at stake" in the litigation).

29. ***The Claims In The Complaint Also Establish The Amount In Controversy***.

Plaintiff's Complaint alleges discharge in violation of public policy, harassment, disability discrimination, failure to provide reasonable accommodation, retaliation, and failure to prevent discrimination, retaliation, and intentional infliction of emotional distress. Plaintiff claims damages for special and economic damages, including back pay and front pay, general and non-economic damages, prejudgment interest, costs, attorneys'

---

[2] $16.00/hour x 40 hours/week = $640.00/week; $640.00/week x 105 weeks = $67,200.00. Conservatively estimating the value of his health or other benefits for the 72 week period, the compensatory damages alone could be at or exceed $75,000.00.

fees, exemplary and punitive damages.  (*See* Horn Decl., **Exhibit A**, Complaint ¶¶ Prayer for relief, p. 33).

30. Should Plaintiff prevail at trial, it is more likely than not that he would recover over $75,000 in damages as there have been, in recent years, several verdicts in disability discrimination cases entered in favor of plaintiffs in California where the awarded damages exceeded $75,000.  *See Salinda v. DIRECTV Inc.*, 2013 WL 5944203 (Los Angeles Sup. Ct.) ($1,178,341 awarded to employee for disability discrimination, failure to prevent discrimination/retaliation); *Bisharat v. Los Angeles Unified School District,* 2013 WL 1415554 (Los Angeles Sup. Ct.) ($473,750 jury verdict awarded to employee alleging disability discrimination, failure to prevent discrimination, and constructive discharge); *Izaguirre v. International Coffee & Tea LLC*, 2013 WL 6624243 (Los Angeles Sup. Ct.) ($125,000 awarded to employee alleging disability discrimination, and wrongful termination); *Kivman v. Worldwide Aeros Corp.*, 2013 WL 3340152 (Los Angeles Sup. Ct.) ($486,511 awarded to employee alleging disability discrimination, and wrongful termination); *Jolly v. City of Long Beach*, 2013 WL 3340512 (Los Angeles Sup. Ct.) ($325,000 awarded to employee alleging disability and age discrimination, retaliation, failure to prevent discrimination/harassment, and constructive discharge); *Palma v. Rite Aid Corp.*, 2012 WL 3541952 (L.A. County Sup. Ct.) (award of $3,522,070 to employee who was terminated after taking medical leaves in disability discrimination action); *Sun v. Transit Air Cargo, Inc.*, 2012 WL 933613 (Los Angeles County Sup. Ct.) (award of $175,000 to employee in disability discrimination and violation of California Family Rights Act action); *Dickinson v. Allstate Insurance Company*, 2011 WL 4048838 (Los Angeles County Sup. Ct.) (award of $341,322 to employee in disability discrimination action); *Betson v. Rite Aid Corp.*, 2011 WL 3606913 (L.A. County Sup. Ct.) (award of $500,000 to employee in disability action); *Vanderheiden v. City of Alameda*, 2011 WL 1562075 (Alameda County Sup. Ct.) (award of $680,182 to employee in disability discrimination action); *Landau v. County of Riverside*, 2010 WL 1648442 (C.D. Cal.) (award of $1,033,500 to employee who brought

action against employer based disability discrimination); *Dodd v. Haight Brown & Bonesteel LLP*, 2010 WL 4845803 (L.A. County Sup. Ct.) (award of $410,520 to employee wrongfully terminated based on disability and medical condition); *Ybarra v. Dacor Holding Inc.*, 2010 WL 2404221 (L.A. County Sup. Ct.) (award of $615,236 to employee in disability discrimination and wrongful termination action); *Malone v. Potter*, 2010 WL 330252 (C.D. Cal.) (award of $300,000 to employee in disability discrimination and retaliation action).

31. Plaintiff's allegations that he was discriminated against and terminated because of a disability are similar to the issues in these cases. Defendants have attached these verdicts as **Exhibit G** to the concurrently filed Declaration of Heather E. Horn for the Court's review.

32. ***Emotional Distress Damages.*** Plaintiff also claims damages for emotional distress. (Horn Decl., **Exhibit A,** Complaint ¶¶ 53,65, 78, 88, 101, 113, 127,146-160; and prayer for relief, p. 33.) A review of jury verdicts in California demonstrates that emotional distress awards in discrimination or retaliation cases commonly exceed $75,000. *See Silverman v. Stuart F. Cooper Inc.*, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury awarded $151,333 for emotional distress damages in discrimination case); *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, 2013 WL 7852947 (Los Angeles Sup. Ct.) (award of $1,250,000 for pain and suffering to employee in disability discrimination action); *Aboulafia v. GACN Inc.*, 2013 WL 8115991 (Los Angeles Sup. Ct.) (pain and suffering award of $250,000, $250,000, $250,000, and $250,267 to four employees in discrimination action); *Betson v. Rite Aid Corp.*, 2011 WL 3606913 (L.A. County Sup. Ct.) (pain and suffering award of $500,000 to employee in disability harassment action); *Vaughn v. CNA Casualty of California*, 2008 WL 4056256 (C.D. Cal.) (award of $300,000 in past and future non-economic loss to employee in disability discrimination action); *Ismen v. Beverly Hospital*, 2008 WL 4056258 (L.A. County Sup. Ct.) (jury award of $113,000 for emotional distress due in a disability discrimination and failure to accommodate action). Plaintiff's allegations that he was discriminated against

and discharged because of a disability are similar to the alleged issues in these cases. Defendants have attached these verdicts as **Exhibit H** to the concurrently filed Declaration of Heather E. Horn for the Court's review.

33. **Attorneys' Fees And Costs.**  Plaintiff also claims that he is entitled to attorneys' fees and costs.  (*See* Horn Decl., **Exhibit A**, Complaint, prayer for relief, p. 33.)  Future attorneys' fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction. *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (in light of *Chavez*, 888 F.3d 413, *supra*, a court must include future attorneys' fees recoverable by statute or contract when determining whether the amount in controversy has been met). *See also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory).

34. Under California Government Code section 12965(b), the court in its discretion may award fees and costs to the "prevailing party" in Fair Employment and Housing Act actions.  Although the statute provides that the court "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent circumstances that would render the award unjust." *Horsford v. Board of Trs. of Cal. State Univ.*, 132 Cal. App. 4th 359, 394 (2005).

35. Courts have also awarded far in excess of $75,000 in attorneys' fees in cases involving disability discrimination.  *See, e.g., Crawford v. DIRECTV, Inc.*, 2010 WL 5383296 (Los Angeles County Sup. Ct.) (approving attorneys' fee award of $159,762.50 in alleged disability discrimination and failure to accommodate case); *Denenberg v. Cal. Dep't of Transp.*, 2006 WL 5305734 (San Diego County Sup. Ct.) (attorney's fees award of $490,000 for claims including disability discrimination and failure to accommodate). Defendants have attached these verdicts as **Exhibit I** to the concurrently filed Declaration of Heather E. Horn for the Court's review.

36. Defendants anticipate depositions being taken in this case, and that ultimately Defendants will file a Motion for Summary Judgment. Based on defense counsel's experience, attorneys' fees in employment discrimination cases often exceed $75,000. In this regard, it is more likely than not that the fees will exceed $75,000 through discovery and a summary judgment hearing, and the fees would certainly exceed $75,000 if the case proceeds to trial. (Horn Decl., ¶ 9).

37. **Punitive Damages.** Finally, the Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); (*see* Horn Decl., **Exhibit A**, Complaint ¶¶ 131,145,160; and prayer for relief, p. 33.)

38. The economic resources of the defendant and the amount of compensatory damages are two of three factors courts consider in arriving at punitive damage awards. *See, e.g., Lane v. Hughes Aircraft Co.*, 22 Cal. 4th 405, 417 (2000). In *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 427-28 (2003), the Court held that: "The wealth of a defendant cannot justify an otherwise unconstitutional punitive damages award …. That does not make its use [in determining the constitutionality of punitive damage awards] unlawful or inappropriate; it simply means that this factor cannot make up for the failure of other factors …." (internal citations omitted). Here, Jade Range, LLC, Plaintiff's employer, is wholly owned by a large, publicly traded company. While Defendants adamantly deny Plaintiff's claims, the request for punitive damages weighs in favor of establishing the amount in controversy.

39. Courts have affirmed jury verdicts exceeding $1 million in punitive damages in alleged disability discrimination cases. *See, e.g., Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009) (holding that a punitive damage award of $1.9 million equal to the compensatory damage award was appropriate in disability case).

40. Based upon the allegations contained in Plaintiff's Complaint, Defendants are informed and believe that Plaintiff seeks damages within the jurisdictional authority

of this Court. Since diversity of citizenship exists between the Plaintiff and Defendants, and the matter in controversy between the parties is in excess of $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. § 1332(a)(1). This action is therefore a proper one for removal to this Court.

## V.   NO JOINDER REQUIRED

41.   Unnamed, or doe defendants are not required to join in removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190 n.1 (9th Cir. 1988) (doe defendants need not join in removal).

## VI.   VENUE

42.   Venue lies in the Central District of California pursuant to 28 U.S.C. §§ 1441(a), 1446(a), and 84(c). This action originally was brought in the Superior Court of the State of California, County of Los Angeles, which is located within the Central District of the United States District Court for California, and Plaintiff alleges that he was employed in the County of Los Angeles. (*See* Horn Decl., Exhibit A, Complaint ¶ 4.)

## VII.   NOTICE OF REMOVAL

43.   Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, in the State Court Action.

44.   This Notice of Removal will be served on counsel for Plaintiff. A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

45.   In compliance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders filed and/or served in this action are attached as **Exhibits A-D** to the Declaration of Heather E. Horn.

## VIII. PRAYER FOR REMOVAL

46.   WHEREFORE, Defendants pray that this civil action be removed from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

DATED: August 15, 2022

Respectfully submitted,

SEYFARTH SHAW LLP

By:  /s/
Elizabeth Levy
Heather E. Horn
Attorneys for Defendants
JADE RANGE, LLC and MIDDLEBY MARSHALL, INC.